IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



FILED

JUN 1 6 2020

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON HOMER JENKINS,<br><br>Defendant. | CR 15–31–BU–DLC<br><br><br>ORDER |

Before the Court is Defendant Jason Homer Jenkins' Unopposed Motion for Termination of Probation.  (Doc. 56.)  On January 21, 2016, this Court sentenced Jenkins to a five-year term of probation for his admitted violation of 18 U.S.C. §922(g)(1), the statute prohibiting felons from possessing firearms.  (Doc. 50.) Jenkins represents that neither the Government nor the United States Probation Office object to early termination.  (Doc. 56.)

A court may order early termination of probation "at any time . . . after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3563(c).  To the extent they are applicable, a court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether early termination is appropriate.  *Id.*  This includes, *inter alia*: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" and (2) "the need for

the sentence imposed" (a) "to afford adequate deterrence to criminal conduct," and (b) "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).

Here, in view of the lack of opposition from the Government and the United States Probation Office, and after considering the record, along with the letters of support submitted on Jenkins' behalf, the Court is convinced that early termination is appropriate.  As a threshold matter, Jenkins is eligible for early termination based on his completion of four years of his five-year probationary term. *See* 18 U.S.C. § 3563(c).  Furthermore, the record is devoid of evidence that Jenkins has been anything but fully compliant while under probation.  Instead, it appears that Jenkins has flourished since the Court handed down his sentence.

Jenkins states that he has been sober since 2015 (Doc. 58-1), an applaudable feat in the face of external pressure to relapse (*see* Doc. 58-3).  Additionally, Jenkins runs a successful automotive business and solely supports his two young sons. (Docs. 58-1; 58-3.)  As he moves forward as a productive member of the community, Jenkins appears to be introspective about and cognizant of his propensity toward substance abuse. (Doc. 58-2.)  In sum, nothing indicates that continuing Jenkins' period of probation to its natural conclusion would serve to deter him from future crime or to protect the public.  Early termination in this case is warranted by Jenkins' conduct since sentencing and the interest of justice.

Accordingly, IT IS ORDERED that the motion (Doc. 56) is GRANTED.

Jenkins' probationary term is TERMINATED, effective immediately.  The Clerk

of Court shall notify the United States Probation Office of the making of this

Order.

DATED this ⎵16th⎵ day of June, 2020.

Dana L. Christensen, Chief Judge
United States District Court